UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 15-20017
                                        Honorable Victoria A. Roberts

NICHOLAS JAMES MANN,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE MODIFICATION (COMPASSIONATE RELEASE) [ECF Nos. 34 and 44]

Upon motion of ☒ the Defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ **GRANTED**

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

☐   This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐   There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel

arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____

_____

_____

_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

3

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____

_____

_____

_____

_____

☐ **DEFERRED** pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before_____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ **DENIED** after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

**A. Mann Exhausted Administrative Remedies**

Mann exhausted administrative remedies. The Court now examines whether: (1) Mann establishes extraordinary and compelling reasons warranting compassionate release, (2) he would present a danger to the community if released; and (3) the 18 U.S.C. § 3553(a) factors are applicable.

### B. Mann's Medical Conditions May Establish Extraordinary and Compelling Reasons for Release

The defendant must prove there are extraordinary and compelling reasons warranting modification where "[t]he defendant is ... suffering from a serious physical or medical condition ... that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *United States v. Watkins, No*. 15-20333, 2020 WL 4016097, at *2 (E.D. Mich. July 16, 2020).

Mann says extraordinary and compelling medical reasons exist because he: (1) has a BMI over 30, asthma, high blood pressure, major depression, gastro-esophageal reflux disease, smoking history, and heel pain - all placing him in a category of high risk for severe illness from COVID-19; and (2) is at greater risk of contracting COVID-19 due to conditions at FCI Milan. The Government disagrees that these present extraordinary and compelling reasons for release.

i.  Obesity

Mann is severely obese. He says his weight, coupled with a lack of mobility due to a bone spur in his right ankle, greatly diminishes his ability to provide self-care at FCI Milan and constitutes an extraordinary and compelling justification for release.

The Government acknowledges Mann is obese but says that his obesity, alone, does not qualify as extraordinary and compelling.

The Centers for Disease Control and Prevention ("CDC") recognizes that certain underlying medical conditions – including obesity – increase a person's risk of severe COVID-19 illness. Centers for Disease Control, *People with Certain Medical Conditions* (Nov. 5, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity. The CDC categorizes a BMI between 30-40 as "obese" and a BMI greater than 40 as "severely obese." *Id*.

Mann's medical records indicate that he has a BMI of 47.3 – well above the risk level noted by the CDC. [ECF No. 34, PageID.300]. Most recently, Mann weighed in at 304 pounds. *Id*. Additionally, Mann was diagnosed with a plantar calcaneal spur (heel spur) on his right ankle and was ordered to consult with an orthopedic physician regarding the injury. [ECF No. 42-1, PageID.789]. His physician proscribed Naproxen for pain relief but Mann claims that he remains in pain. Mann did not provide any medical records that described the results of the orthopedic consult, but nonetheless contends he received inadequate treatment to address his bone spur.

Mann's severe obesity does increase his risk of severe illness if he contracts COVID-19. The apparent lack of treatment for his bone spur may further increase his inability to provide self-care at FCI Milan.

6

Asthma

Mann's medical records document a history of asthma. Doctors prescribed him an inhaler. He characterizes his symptoms as "moderate to severe" and notes that asthma is recognized by the CDC as a risk factor associated with COVID-19. The Government concedes that Mann has asthma but says his asthma does not require the use an inhaler because it is merely "exercise induced" and does not affect Mann's normal life activities.

The Government also points to recent BOP COVID-19 data which shows that as of November 9, 2020 FCI Milan has zero confirmed active cases among inmates and two positive cases among staff. *See* https://www.bop.gov/coronavirus/ (last visited November 9, 2020). Although the threat of contracting COVID-19 is ever-present, the danger at FCI Milan, according to the data, appears to be lessened.

The Court acknowledges asthma is a serious respiratory illness, and that the information regarding COVID-19 is continuously updating and at times conflicting; however, the Court must rely upon the medical community and its current consensus on the risk factors for severe illness. The CDC warns that "moderate to severe asthma" may increase the risk for severe illness from COVID-19. *People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 5, 2020).

7

Mann's medication summary from the Bureau of Prisons shows an active prescription for an Albuterol inhaler, with instructions to use it "only as needed…up to four times a day." [ECF No. 61-9, PageID.579]. No medical evaluation categorizes Mann's asthma specifically as "moderate" or "severe" however, in 2018, a physician at the BOP concluded that Mann's asthma was "mild intermittent," and "exercise induced." [ECF No. 42-1, PageID.687]. It is plausible that the exercise needed to lose weight could exacerbate his asthma.

Although the question may be a close one, the Court concludes that Mann's severe obesity, his difficulty walking, his inability to exercise because of asthma and his asthma, constitute an extraordinary and compelling justification warranting reduction. However, resolution here ultimately turns on the Court's analysis of Mann's potential dangerousness.

### C. Mann's Conduct Demonstrates He is a Danger to the Community

Even if Mann demonstrated extraordinary and compelling health conditions, he is ineligible for release under 18 U.S.C. § 3582(c)(1)(A) because he is a danger to the community. Section 1B1.13(2) of the Sentencing Guidelines permits release only if "a defendant is not a danger to the community, as provided in 18 U.S.C. § 3142(g)." Section 3142(g) sets forth the factors the Court must consider to determine if there are conditions of release that will assure the safety of the community: (1) the nature and circumstances of the offense charged; (2) the weight

of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). These factors do not favor Mann's release.

Federal courts are disinclined to grant compassionate release to petitioners convicted of crimes involving child pornography. Courts cite to potential dangerousness and the lack of participation in rehabilitative sex treatment programs. *See Coleman v. United States*, 2020 WL 3039123, at *4 (E.D. Va. June 4, 2020) (denying the motion for compassionate release because defendant's release plan did not adequately protect the public from the potential of a subsequent offense involving child pornography and because defendant had not participated in rehabilitative programs specific to his offense). Nevertheless, "while offense conduct may inform the Court's discretion in deciding a motion for compassionate release and determining the appropriate conditions of release, such a motion may not be denied simply because of the underlying offenses." *Id.*

Although encouraged by this Court to do so, Mann has not participated in sex offender treatment programs offered by the BOP. [ECF No. 42-1, PageID.310]. Several district courts recognized the dangerousness of this omission. *See United States v. Mitchell*, 2020 WL 2770070, at *4 (E.D. Cal. May 28, 2020) (denying compassionate release because defendant failed to participate in any rehabilitative

9

program and failed to provide a detailed plan to prevent reoffending); *See also United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at \*6–7 (E.D. Va. Feb. 10, 2020) (denying motion for compassionate release in part because defendant did not present evidence of rehabilitation to change assessment made at time of sentencing or to suggest he would not recidivate). Mann's lack of participation weighs heavily against him.

Even more concerning is Mann's continued display of pedophilic proclivities. Twice Mann violated BOP regulations. In 2017, Mann possessed eleven "sexual" photos that were mailed to him [ECF No. 42-1, PageID.309] and in 2019, Mann possessed "sexually suggestive" photographs depicting minor females wearing braces and school uniforms. [ECF No. 42-1, PageID.313]. After BOP staff requested that Mann discard the photos of minors, Mann protested that it was not "fair" that sex offenders are not allowed to possess such images. Nonetheless, staff forced him to shred the photos of the children. *Id*. Not only is the possession of the pedophilic contraband disturbing, but Mann's persistent failure to comprehend the flaws of his actions indicates that he continues to be a danger to the community.

Mann's underlying offense, refusal to participate in sex offender treatment, and continued pedophilic interests make him a danger to the community. Accordingly, he is not an appropriate candidate for the extraordinary remedy of

10

compassionate release under USSG § 1B1.13(2).

### D. The 18 U.S.C. § 3553(a) Factors are Inapplicable

Finally, USSG §1B1.13 directs the Court to consider the § 3553(a) factors to the extent they are applicable. Mann says these factors support release because he has: (1) a lack of criminal history; (2) an absence of disciplinary infractions; and (3) a minimal PATTERN score. Mann requests that the Court temporarily place him in a Residential Reentry Center with supervision.

Since Mann fails to demonstrate he would not be a danger to the community if released, no § 3553(a) factor overrides these findings. The Court **DENIES** Mann's Motion **WITHOUT PREJUDICE**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 12, 2020

11